UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERTO P.S.,

           Petitioner,

    v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY,

          Respondent.

No. 1:26-cv-02912-TLN-CKD

A # 221-437-270

**ORDER**

This matter is before the Court on Petitioner Roberto P.S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondent filed a Return and Opposition. (ECF No. 10.) For the reasons set forth below, Petitioner's habeas petition is GRANTED.[2] (ECF No. 1.)

///

///

///

---

[1] Che Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] On April 24, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release. (ECF No. 12.) This Order explains the Court's reasoning.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on an unknown date without inspection.  (ECF No. 10 at 7.)  According to the Government's records, he has no criminal history.  (*Id.* at 9.)

On March 31, 2026, Petitioner was arrested while driving to work.  (ECF No. 1 at 5.)  The arrest occurred while enforcement officers were conducting surveillance attempting to locate a different individual.  (ECF No. 10 at 8.)  Petitioner describes the arrest as follows:

> On 03-31-2026 at 5:40 am, I was driving to work like usual when a car cut me off in front and another one behind [suddenly], seven more cars arrived and stopped me.  Twelve hooded men got out the cars without any identification and smashed my window.  They pulled me out of my car in a very aggressive manner, which [immediately] frightened me.  They treat me like a criminal [which] I am not.  They handcuffed my hands, [waist], and feet, put me in one of the aforementioned cars, and took me to a detention center in Dallas, TX where they held me for 12 hours without sleep, food, or [water].  Afterward, they moved me to the Albarado detention center, where I was held for 7 days without any explanation.  I didn't know why they were doing this with me.  Then I spend 4 days [travelling] by plane where I was also treated like a criminal.  After those [four] days, they brought me to Mesa Verde, California where I am currently being held.

(ECF No. 1 at 6.)  The description of the arrest found in the Government's records is consistent with Petitioner's description.  (*See* ECF No. 10 at 8.)  The Department of Homeland Security initiated removal proceedings against Petitioner following his arrest.  (*Id.* at 14.)

On April 17, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (*Id.* at 16–17.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 16–17.)  In opposition, Respondent contends Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)").  (ECF No. 10 at 1–3.)  Respondent argues that because Petitioner is subject to mandatory detention, he does not possess a right to freedom from immigration detention.  (*Id.* at 3.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693 (2001).  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause.  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Respondent does not dispute that Petitioner has a protected liberty interest. (*See generally* ECF No. 10.)

Instead, Respondent's sole argument is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). This Court is not persuaded. Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondent's position. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondent puts forth no new arguments or facts justifying a different conclusion in this case. Accordingly, the Court finds Petitioner is not subject to mandatory detention under § 1225(b)(2). Petitioner maintains an interest in his continued liberty protected by the Due Process Clause.

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty

is high given that he has no criminal history, Respondent does not argue he is a danger or a flight risk, and he has received virtually no procedural safeguards to ensure his detention is justified. Third, the Government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The Court notes that Respondent puts forth no substantive argument on the process due to Petitioner. Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)  IT IS HEREBY ORDERED:

1.    **Within two (2) court days from the date of this Order**, Respondent shall file a notice certifying compliance with the Court's order that Petitioner Roberto P.S. (A # 221-437-270) be immediately released from custody (ECF No. 12).

2.    Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 1, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE